# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB GRANT, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. CV11-3118 RGK (FFMx)<br><br>Magistrate Judge Frederick F. Mumm<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*NOTE CHANGES MADE BY THE COURT* |

# [PROPOSED] ORDER

Pursuant to the parties' Stipulated Protective Order filed on December 13, 2011, the Court HEREBY ORDERS the entry of the following Protective Order:

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation or, upon agreement by the parties or a court order, any other related litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 (FILING PROTECTED MATERIAL), below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. DEFINITIONS

**2.1    Challenging Party**:  a Party or non-party that challenges the designation of information or items under this Order.

**2.2    "Confidential" Information or Items:**  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

**2.3    Counsel (without qualifier):**  Outside Counsel and House Counsel (as well as their support staffs).

///

**2.4** **Designating Party:** a Party or non-party that designates information or items that it produces in Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**2.5** **Disclose or Disclosure:** allowing or failing to take reasonable steps under the circumstances to prevent: (1) visual inspection of a designated document (or any summary, description, abstract, or index thereof) by an individual not authorized under this order; or (2) any communication that reveals, reflects, paraphrases, conveys, or otherwise discloses the substance or form of all or any information that has been part of a designated document (or any summary, description, abstract, or index thereof).

**2.6** **Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or litigation consultant retained in connection with this litigation.

**2.8** **"Highly Confidential – Attorneys' Eyes Only" Information or Items:** very sensitive "Confidential Information or Items" whose Disclosure to another Party or non-party would create a substantial risk of serious injury either to the Producing Party or a non-party (*e.g.*, a retired player or licensee) that could not be avoided by less restrictive means.

**2.9** **House Counsel:** attorneys who are employees of a Party.

///

**2.10** **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, and are counsel of record in this action.

**2.11** **Party:** any party to this action, including the party's consultants, retained Experts, and Outside Counsel (and their support staff), and, where the party is a corporation or organization, its officers, directors, and employees.

**2.12** **Producing Party:** a Party or non-party that produces Discovery Material in this action.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; obtaining, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.14** **Protected Material:** any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**2.15** **Receiving Party:** a Party that receives Discovery Material from a Producing Party.

**III.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to

the Designating Party. Notwithstanding the foregoing, and as set forth in Section 6.3 below, Discovery Material shall be governed by the level of protection to which it is entitled under the Producing Party's designation until the Court rules on any challenge and/or the parties resolve any dispute over the designation. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.  DESIGNATING PROTECTED MATERIAL

**5.1  Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2  Manner and Timing of Designations.**  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

/ / /

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, the Party or non-party that seeks to designate testimony for protection hereunder may invoke on the record (before the deposition ~~or proceeding~~ is concluded) a right to have up to 20 days after receipt of the transcript of the deposition, ~~hearing or other proceeding~~ to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

appropriately designated for protection within the 20 days after receipt of the transcript of the deposition, ~~hearing or other proceeding~~ shall be covered by the provisions of this Stipulated Protective Order.  **(FFM)**

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party seeking to designate testimony for protection hereunder.

(c) for information produced in some form other than documentary, including information produced in electronic format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers, or electronic media (including but not limited to CD or DVD), in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**5.3** **Inadvertent Failures to Designate.**  Notwithstanding Section 5.2 above, if timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

/ / /

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1  Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2  Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice of a challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3  Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall initiate the procedures set forth in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) to challenge confidentiality.  The burden of persuasion in any such

challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII. ACCESS TO AND USE OF DISCOVERY MATERIAL

**7.1 Basic Principles.** A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or, upon agreement by the parties or a court order, any other related litigation. Such Discovery Material may be Disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party, including of Defendants, to whom Disclosure is reasonably necessary for this litigation;

    (c)    Plaintiffs, and specifically Bob Grant, Dr. Clinton Jones, Walter Roberts, III, Marvin Cobb, and Bernard Parrish;

    (d)    Experts (as defined in this Order) of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e)    the Court and its personnel;

    (f)    court reporters, their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation (and, in the case of Professional Vendors, where the firm or key individual providing services has signed the "Agreement to Be Bound by Protective Order" (Exhibit A));

    (g)    during their depositions, witnesses in the action to whom Disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be Disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (h)    the author or recipient of the document containing the information or the original source of the information, or a custodian having prior knowledge of the information contained in the document or original source of the information.

**7.3**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation;

    (b)    Experts (as defined in this Order) (1) to whom Disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to

Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation (and, in the case of Professional Vendors, where the firm or key individual providing services has signed the "Agreement to Be Bound by Protective Order" (Exhibit A)); and

(e) the author or recipient of the document or the original source of the information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel Disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized Disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record (*i.e.*, unsealed) in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or certify its destruction. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Once the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

Final disposition or final termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## XII.   MISCELLANEOUS

**12.1   Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2   Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3   Clawback of Inadvertent Production of Privileged Discovery.**  If a Party in this case through inadvertence produces or provides discovery in this case that it believes is subject to a claim of attorney-client privilege, common interest privilege, work product immunity, or other privilege or protection, the Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege, common interest privilege, work product

immunity, or other privilege or protection and request that the document be returned to the Producing Party. The Receiving Party shall immediately return to the Producing Party all copies of such document and shall return or destroy all excerpts and summaries thereof. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege, work product immunity, or other privilege or protection, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, work product immunity, or other privilege or protection or should be produced for reasons other than a waiver caused merely by the inadvertent production. The Producing Party must preserve the information until the claim is resolved. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any other documents, testimony or evidence.

**IT IS SO ORDERED.**

Dated: December 15, 2011

/S/ FREDERICK F. MUMM
Honorable Frederick F. Mumm
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Grant v. National Football League Players Association*, No. CV11-03118 RGK (FFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not Disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on _____ [date] at _____ [city and state].

Name: _____     Signature: _____